IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HEIDI KEILBAUGH,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SALT LAKE CITY POLICE DEPARTMENT, MATTHEW TAYLOR, CHRIS BURBANK, [JOHN DOE A, and JOHN DOE B],<br><br>　　　　　　Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-00017-JNP-PMW<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendant Salt Lake City Corporation,[2] Matthew Taylor, and Chris Burbank's (referred to collectively as "Plaintiffs") motion to dismiss amended complaint.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the

---

[1] *See* ECF No. 7.

[2] Although Plaintiff names Salt Lake City Police Department as a Defendant, the Salt Lake City Police Department is a governmental sub-unit of Salt Lake City Corporation. As such, it is not a separate legal entity capable of being sued or filing suit. *See Hansen v. Police Dep't of Salt Lake City Corp.*, No. 215CV00722JNPPMW, 2017 WL 8950432, at *3 (D. Utah Sept. 6, 2017) (dismissing claims against Salt Lake City Police Department) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.1985) ("The 'City of Denver Police Department is not a separate suable entity, and the complaint will be dismissed as to it.")); *see also Hinton v. Dennis*, 362 Fed. App'x. 904, 907 (10th Cir. Jan. 25, 2010) (unpublished) (holding that governmental sub-units are not separable suable entities). Accordingly, the court liberally construes Plaintiff's pro se amended complaint and treats her claims against the Salt Lake City Police Department as though they were against Salt Lake City Corporation.

[3] *See* ECF No. 21.

District of Utah Rules of Practice, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

At the outset, the court recognizes that Plaintiff Heidi Keilbaugh ("Plaintiff") has been permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 ("IFP Statute").[4] The court also recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe Plaintiff's pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## **BACKGROUND**[5]

This case arises from the death of James Dudley Barker ("Mr. Barker"). On January 8, 2015, Defendant Officer Matthew Taylor ("Officer Taylor") shot and killed Mr. Barker. Mr. Barker was pronounced dead at the scene. Plaintiff was romantically involved and living with

---

[4] *See* ECF No. 3.

[5] Most of the background information is taken from Plaintiff's amended complaint and documents that are either attached to or referenced in the amended complaint. When considering a motion to dismiss, the court may review the contents of the complaint, as well as documents referenced in the complaint that are central to the plaintiff's claim without converting the motion into one for summary judgment. *See Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). Additionally, the court takes judicial notice of certain state court cases, the contents of which will be referenced in the following factual background. The court recognizes that Rule 12(d) of the Federal Rules of Civil Procedure generally requires a court to treat a motion to dismiss as a motion for summary judgment when matters outside the complaint are considered. *See* Fed. R. Civ. P. 12(d). However, since the state court cases are the type of public records that are subject to judicial notice, the court's consideration of them does not require the court to treat Defendants' motion to dismiss as a motion for summary judgment. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *City of Phila. v. Fleming Cos.*, 264 F.3d 1245, 1251 n.4 (10th Cir. 2001); *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000).

Mr. Barker at the time.[6] Around the time of death, unidentified officers, Defendants John Doe A and John Doe B, prohibited Plaintiff "from observing or being physically proximate to" Mr. Barker's body.[7] Following Mr. Barker's death, Plaintiff alleges Defendant Chris Burbank, former Chief of Police, provided false information to the public about the incident, including "a false claim that the shooting police officer had suffered a broken limb at Mr. Barker's hands, a false claim that Mr. Barker was homeless, and with the provision to the public of edited bodycam footage."[8] Following the incident, Plaintiff has experienced severe anxiety and alleges suffering from physical ailments as a result of her anxiety.

Plaintiff is not the legal representative of Mr. Barker's estate—Plaintiff sought and was denied appointment as the personal representative of Mr. Barker's estate by the Utah Third District Court.[9] Accordingly, Plaintiff acknowledges that she is without standing to assert a survival action.

Plaintiff files this action, under 42 U.S.C. § 1983, against Defendants for "violation of her fourteenth amendment due process rights in the unnecessary and unreasonable loss of the companionship and society of the decedent, Mr. James Barker and a violation of her constitutionally protected interest in being able to associate with the decedent."[10] Plaintiff also

---

[6] Plaintiff filed a petition to establish a common law marriage in the Third District Court of Utah which was dismissed without prejudice on August 16, 2017. *See Heidi Keilbaugh v. James Dudley Barker*, No. 154903514 (Salt Lake Cty. Ct. Aug. 16, 2017).

[7] ECF No. 20-1 at ¶ 9.

[8] *Id*. at ¶ 10.

[9] *See In the Matter of the Estate of James Dudley Barker*, No. 153900953 (Salt Lake Cty. Ct. Aug. 9, 2017).

[10] ECF No. 20-1 at ¶ 12.

3

includes claims for intentional infliction of emotional distress based on two grounds: (1) unidentified police officers, Defendants John Doe A and John Doe B, would not permit Plaintiff to approach Mr. Barker's body, and (2) Defendant Chris Burbank allegedly provided false information to the public about the incident.

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted). "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits, and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

In conducting the analysis of Defendants' motion, the court is mindful that Plaintiff is proceeding pro se in this case and that "[a] pro se litigant's pleadings are to be construed

4

liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

## ANALYSIS

Defendants first argue that Plaintiff's claims are barred by the applicable statutes of limitation. Defendants next contend that, even if Plaintiff's amended complaint is determined to be timely, Plaintiff fails to provide enough well-pleaded factual allegations to support her alleged claims for relief. The court will address those arguments in turn.

### I.     Statutes of Limitation

Defendants argue that Plaintiff's section 1983 claim is time-barred pursuant to the applicable four-year statute of limitations because Plaintiff filed the initial complaint on February

5

1, 2019, more than four years after the January 8, 2015 incident. Defendants also argue that Plaintiff's claims for emotional distress are time-barred pursuant to the Governmental Immunity Act of Utah ("GIAU") and under Utah Code § 78B-2-304(4). For the reasons stated in section II.B below, the court declines to address the arguments related to GIAU and Utah Code § 78B-2-304(4).

There is no statute of limitations under federal law for violations of section 1983. However, "Congress determined that gaps in federal civil rights acts should be filled by state law," and that "federal courts routinely measure the timeliness of federal civil rights suits by state law." *See Hardin v. Straub*, 490 U.S. 536, 538 (1989). Accordingly, section 1983 claims are subject to a four-year statute of limitations. *See* Utah Code § 78B-2-307(3) (providing a four-year statute of limitations for "relief not otherwise provided for by law").

Although Plaintiff's initial complaint was filed on February 1, 2019, Plaintiff constructively filed her complaint on January 8, 2019, when she filed her motion for leave to proceed *in forma pauperis*.[11] *See Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994) ("[T]o preserve the litigant's rights, courts have deemed the complaint 'filed' upon presentation to the court clerk when accompanied by an IFP motion, so that the formal filing 'relates back'—upon grant of pauper status—to the 'lodging' of the complaint with the clerk."). Accordingly, Plaintiff's section 1983 claim is timely, and not barred by the statute of limitations.

---

[11] *See* ECF No. 1.

## II. Rule 12(b)(6)

Defendants next argue that even if Plaintiff had filed her complaint in a timely fashion, each of her claims fail as a matter of law. The court agrees.

### A. Section 1983

Plaintiff characterizes her claim as one under the Fourteenth Amendment for "depriving her of her relationship with James Barker."[12] Plaintiff provides that she is not the legal representative of Mr. Barker's estate and is not making a survival claim.[13] A generous reading of Plaintiff's amended complaint suggests that Plaintiff seeks to bring a cause of action for loss of a familial association against Defendants.

Section 1983 provides a private right of action against individuals acting under color of state law who violate others' constitutional or statutory rights. *See* 42 U.S.C. § 1983. To prevail on a familial-association claim under the Fourteenth Amendment, Plaintiff must make two showings: (1) that Defendants "intended to deprive [her] of [her] protected relationship," and (2) that balancing the individual's interest in the protected familial relationship against the state's interest in its actions, Defendants either "unduly burdened plaintiff's protected relationship, or effect an unwarranted intrusion into that relationship." *Cordova v. City of Albuquerque*, 816 F.3d 645, 654 (10th Cir. 2016). "[N]ot every act that results in an interference with the right of familial association is actionable." *Lowery v. Cty. of Riley*, 522 F.3d 1086, 1092 (10th Cir. 2008)

---

[12] ECF No. 22 at 3; *see also* ECF No. 20-1 at ¶ 12.

[13] *See* ECF No. 22 at 3–4.

(citations omitted). "The conduct or statement must be *directed at the familial relationship* with knowledge that the statements or conduct will adversely affect that relationship." *Cordova*, 816 F.3d at 654 (citation omitted) (emphasis in original).

In this case, even assuming that Plaintiff's romantic relationship with Mr. Barker falls within the bounds of a constitutionally protected relationship, Plaintiff has failed to provide enough well-pleaded factual allegations to support her alleged claim for relief. Plaintiff has provided only conclusory allegations and failed to provide any sufficiently detailed factual allegations that would allow the court to determine whether her claims should survive dismissal. Plaintiff wholly omits any facts to plausibly show Officer Taylor directed his conduct at Mr. Barker's relationship with Plaintiff, or even facts to show Officer Taylor was aware of Mr. Barker's relationship with Plaintiff. For these reasons, the court recommends that Plaintiff's section 1983 claim be dismissed with prejudice.

### B.     Intentional Infliction of Emotional Distress

As a result of the above decision, Plaintiff's state law claims for intentional infliction of emotional distress are no longer supplemental to any federal question claim. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); *see also* 28 U.S.C. § 1367. Therefore, the court declines to exercise jurisdiction over Plaintiff's state law claims, and recommends those claims be dismissed without prejudice.

### III.     First Motion to Dismiss

On April 4, 2019, Defendants filed their first motion to dismiss[14] claims asserted against them by Plaintiff in the initial complaint[15] filed on February 2, 2019. Since then, Plaintiff filed an amended complaint,[16] and Defendants filed a motion to dismiss the amended complaint.[17] As a result, the court recommends that Defendants' earlier motion to dismiss[18] be deemed moot.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1.     Defendants' motion to dismiss amended complaint[19] be **GRANTED**.

2.     Plaintiff's section 1983 claim be **DISMISSED WITH PREJUDICE**.

3.     Plaintiff's state law claims for intentional infliction of emotional distress be **DISMISSED WITHOUT PREJUDICE**.

4.     Defendants' first motion to dismiss complaint[20] be deemed **MOOT**.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

---

[14] *See* ECF No. 13.

[15] *See* ECF No. 4.

[16] *See* ECF No. 20.

[17] *See* ECF No. 21.

[18] *See* ECF No. 13.

[19] *See* ECF No. 21.

[20] *See* ECF No. 13.

served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

      DATED this 21st day of February, 2020.

                                BY THE COURT:

                                PAUL M. WARNER
                                United States Magistrate Judge