IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HEIDI KEILBAUGH,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>SALT LAKE CITY POLICE DEPARTMENT, MATTHEW TAYLOR, CHRIS BURBANK, [JOHN DOE A, and JOHN DOE B];<br><br>　　　　　　　Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:19-cv-00017<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Paul M. Warner |

Plaintiff Heidi Keilbaugh, proceeding *pro se*, brought this lawsuit against Defendant Salt Lake City Corporation,[1] Matthew Taylor, Chris Burbank, and John Does A and B (collectively, "Defendants"). Plaintiff seeks relief under 42 U.S.C. § 1983 against Defendants for "violation of her fourteenth amendment due process rights in the unnecessary and unreasonable loss of the companionship and society of the decedent, Mr. James Barker and a violation of her constitutionally protected interest in being able to associate with the decedent." ECF No. 20–1 at ¶ 12. Plaintiff also alleges state law claims for intentional infliction of emotional distress. *Id.* at ¶¶ 14–16.

---

[1] Although Plaintiff names Salt Lake City Police Department as a Defendant, the Salt Lake City Police Department is a governmental sub-unit of Salt Lake City Corporation. As such, it is not a separate legal entity capable of being sued or filing suit. See *Hansen v. Police Dep't of Salt Lake City Corp.*, No. 215CV00722JNPPMW, 2017 WL 8950432, at *3 (D. Utah Sept. 6, 2017) (dismissing claims against Salt Lake City Police Department) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department is not a separate suable entity, and the complaint will be dismissed as to it.")); *see also Hinton v. Dennis*, 362 Fed. App'x 904, 907 (10th Cir. Jan. 25, 2010) (unpublished) (holding that governmental sub-units are not separable suable entities). Accordingly, the court liberally construes Plaintiff's pro se Amended Complaint and treats her claims against the Salt Lake City Police Department as though they were against Salt Lake City Corporation.

Defendants filed their First Motion to Dismiss the Plaintiff's initial Complaint on April 4, 2019. ECF No. 13. Plaintiff subsequently amended her Complaint on July 22, 2019. ECF No. 20. Defendants then filed their Second Motion to Dismiss the operative Amended Complaint on July 26, 2019. ECF No. 21. The court referred this matter to Chief Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B). *See* ECF No. 7.

After reviewing the parties' briefing on the Defendants' First Motion to Dismiss and Second Motion to Dismiss, Magistrate Judge Warner issued a Report and Recommendation on February 21, 2020, advising this court to grant Defendants' Second Motion to Dismiss and deny as moot Defendants' First Motion to Dismiss. ECF No. 24 at 9. The Report and Recommendation specified that, pursuant to FED. R. CIV. P. 72(b)(2), the parties were to file any objections to the Report and Recommendation with the court within fourteen (14) days of service. *Id.* at 9–10. Because Plaintiff is proceeding *pro se*, *see id.* at 2, the time to object expired on March 11, 2020. The court has received no objections. The parties' failure to object waived any argument that the Report and Recommendation was in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). But the court notes that it need not apply this waiver rule as a procedural bar if "the interests of justice so dictate." *Id.* (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

Having reviewed the Report and Recommendation and its conclusion that the Defendants' Second Motion to Dismiss should be granted and the Defendants' First Motion to Dismiss should be denied as moot, the court concludes that the Report and Recommendation is not clearly erroneous and finds that the interests of justice do not warrant deviation from the waiver rule. Accordingly, the court ORDERS as follows:

1. The court ADOPTS IN FULL the Report and Recommendation (ECF No. 24) regarding the Defendants' Second Motion to Dismiss (ECF No. 21) and the Defendants' First Motion to Dismiss (ECF No. 13).

2. The court GRANTS the Defendants' Second Motion to Dismiss by DISMISSING WITH PREJUDICE Plaintiff's Section 1983 claim and DISMISSING WITHOUT PREJUDICE Plaintiff's state law claims for intentional infliction of emotional distress. Plaintiff may have an opportunity to refile her state law claims for intentional infliction of emotional distress in state court.

3. The court DENIES AS MOOT Defendants' First Motion to Dismiss.

SO ORDERED May 8, 2020

BY THE COURT:

_____

Jill N. Parrish

United States District Court Judge